# EXHIBIT A

**Verification, Case Docket and Maricopa County Superior Court Documents**

<u>VERIFICATION</u>

STATE OF ARIZONA          )
                          ) ss.
COUNTY OF MARICOPA )

I, Michael E. Gottfried, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.      I am one of the attorneys for Defendants in the matter of *Edgar Cross v. State of Arizona, et al.*, CV2018-013890, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Sherry Stephens.

2.      On April 11, 2019, I filed a Notice of Removal under 28 U.S.C. § 1441(a) seeking to remove, *Edgar Cross v. State of Arizona, et al.*, CV2018-013890 to the United States District Court for the District of Arizona.

3.      In compliance with 28 U.S.C. § 1441(a) and LRCiv. 3.6(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa County *Edgar Cross v. State of Arizona, et al.*, CV2018-013890.  Also attached is a true and accurate copy of the court docket in *Edgar Cross v. State of Arizona, et al.*, CV2018-013890.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 11th day of April, 2019.

_____
MICHAEL E. GOTTFRIED

#7792468

Case 2:19-cv-02352-DLR--JZB    Document 1-3    Filed 04/11/19    Page 3 of 63

Skip To MainContent

[                    ] [ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-013890 | Judge: | Stephens, Sherry |
| File Date: | 11/10/2018 | Location: | Downtown |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Edgar Travis Cross | Plaintiff | Male | Holly Gieszl |
| State Of Arizona, The | Defendant | | Pro Per |
| Cody Watts | Defendant | Male | Pro Per |
| Charles Ryan | Defendant | Male | Pro Per |
| Wayne Mooney | Defendant | Male | Pro Per |
| Chris Moody | Defendant | Unknown | Pro Per |
| Unknown Hudson | Defendant | Unknown | Pro Per |
| Unknown Vasquez | Defendant | Unknown | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 4/4/2019 | SUM - Summons | 4/5/2019 | Plaintiff(1) |
| 4/4/2019 | AFS - Affidavit Of Service | 4/8/2019 | |
| 4/4/2019 | AFS - Affidavit Of Service | 4/8/2019 | |
| **NOTE:** WAYNE MOONEY | | | |
| 4/2/2019 | AFS - Affidavit Of Service | 4/4/2019 | |
| **NOTE:** CORRECTIONAL OFFICER HUDSON | | | |
| 4/2/2019 | AFS - Affidavit Of Service | 4/4/2019 | |
| **NOTE:** CODY WATTS | | | |
| 4/2/2019 | SUM - Summons | 4/3/2019 | |
| 4/2/2019 | SUM - Summons | 4/3/2019 | |
| 4/2/2019 | SUM - Summons | 4/2/2019 | |
| 4/1/2019 | AFS - Affidavit Of Service | 4/3/2019 | |
| 4/1/2019 | AFS - Affidavit Of Service | 4/3/2019 | |
| 4/1/2019 | AFS - Affidavit Of Service | 4/3/2019 | |
| **NOTE:** CHRISTOPHER MOODY | | | |
| 3/29/2019 | SUM - Summons | 3/29/2019 | Plaintiff(1) |
| 3/28/2019 | 023 - ME: Order Entered By Court | 3/28/2019 | |
| 3/28/2019 | AFS - Affidavit Of Service | 4/1/2019 | |
| **NOTE:** CHARLES RYAN | | | |
| 3/28/2019 | AFS - Affidavit Of Service | 4/1/2019 | |
| **NOTE:** STATE OF ARIZONA | | | |
| 3/28/2019 | SUM - Summons | 3/29/2019 | Plaintiff(1) |
| 3/25/2019 | AMC - Amended Complaint | 3/26/2019 | |
| **NOTE:** Plaintiff's First Amended Complaint (Jury Trial Demanded) | | | |
| 3/25/2019 | MXS - Motion To Extend Time For Service | 3/27/2019 | |
| **NOTE:** MOTION TO BRIEFLY EXTEND TIME TO SERVE COMPLAINT | | | |
| 2/4/2019 | 022 - ME: Order Signed | 2/4/2019 | |
| 1/30/2019 | OXS - Order To Extend Time For Service | 2/4/2019 | |
| **NOTE:** UNTIL MARCH 25, 2019 | | | |
| 1/29/2019 | MXS - Motion To Extend Time For Service | 1/30/2019 | |
| **NOTE:** Motion to Extend Time to Serve Complaint | | | |
| 1/16/2019 | 322 - ME: Notice Of Intent To Dismiss | 1/16/2019 | |
| 11/10/2018 | COM - Complaint | 11/14/2018 | |
| 11/10/2018 | CSH - Coversheet | 11/14/2018 | |
| 11/10/2018 | CCN - Cert Arbitration - Not Subject | 11/14/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

CHRIS DEROSE, CLERK
RECEIVED CCC #3
NIGHT DEPOSITORY

**THE GIESZL FIRM**
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Tel 602-277-0772
Fax 480-287-9589

· 18 NOV 10  PM 8: 55

Holly R. Gieszl, SBN 013845
holly@gieszlfirm.com
Attorney for Plaintiff

PAID
110 Comp $333.00
#26896665

FILED
BY A. MCLOONE, DEP

### THE SUPERIOR COURT OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

Edgar Travis Cross,

        Plaintiff,

vs.

The State of Arizona; Correctional
Officer Watts; Charles Ryan; Jane Doe
1-5, John Does 1-5,

        Defendants.

Case Number: CV 2018-013890

**COMPLAINT**
**(Jury Trial Demanded)**

For his initial complaint against the defendants, Plaintiff EdgarTravis Cross

("Travis") alleges as follows:

I.    **Jurisdiction and Venue**

    1    Travis brings this action for compensation for injuries he suffered as

an as the result for violations of his rights under 42 U.S.C. § 1983, which provides

the basis for relief for violations of constitutional rights secured by the Eighth Amendment of the Constitution of the United States.

2.     This Court has jurisdiction over Travis's claims pursuant to Article 6 of the Constitution of the State of Arizona.

3.     Venue is proper in this County pursuant to A.R.S. §12-401 as the events at issue occurred in Maricopa County and all of the parties are residents of Maricopa County, and the State is a defendant.

## II.     THE PARTIES

4.     Travis incorporates each of the paragraphs above as if set forth verbatim her.

5.     The State of Arizona is a public entity, which maintains the Arizona Department of Corrections as provided for in Title 31 of the Arizona Revised Statutes.

6.     At all times relevant, Travis was an inmate in the custody of the Arizona Department of Corrections ("ADC") and housed at Lewis Prison in Buckeye Arizona.

-2-

7.     At all times relevant, Charles Ryan was the Director of ADC ("Director Ryan") was responsible for the overall operations and policies of ADC, including maintaining and administering all ADC institutions and programs.

8.     For purposes of section 1983 litigation, Director Ryan was and is the final policymaker as to ADC policies, procedures, and guidelines, including those to protect inmates from assault by other inmates.

9.     At all times relevant, Correctional Officer 3 Watts ("Officer Watts") was employed by the ADC and working and acting with the course and scope of his employment and under color of law as a correctional officer.

10.     At all times relevant, Correctional Officer Arizon ("Officer Arizon") was employed by the ADC and working and acting with the course and scope of her employment and under color of law as a correctional officer.

11.     Jane Doe 1-5 and John Doe 1-5 are individuals employed by DOC and working at the ADC central office or at Lewis Prison and who either (i) participated in the distribution of highly confidential and sensitive information about certain "predator" inmates, or (ii) failed to mitigate distribution of that information within ADC and/or Lewis Prison.  The true names and capacities of all Jane Doe and John

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-3-

Doe are unknown at his time and could not be ascertained through publicly available information prior to filing this action.

12.     Each defendant is sued in the defendant's individual and official capacities.

## III.   FACTUAL ALLEGATIONS

14.     One critically important aspect of protecting inmates from assault and injury by other inmates is to safeguard highly confidential and sensitive information regarding dangerous inmates known as "predators" and prevent that information and the sources of that information from being "leaked" to the general inmate population.

15.     This case arises out of a series of incidents and blunders by staff at the Arizona Department of Corrections - Lewis Prison and ADC Central Office in which "predator" packets on several inmate regarded by DOC as highly dangerous were leaked to the "predator" inmates and other inmates at Lewis Prison.  The alleged "predators" were supposedly dealing in various illegal activities such as drug dealing, gambling, and shake-downs for money on various units at Lewis Prison. Those inmates designated as "predators" faced being reclassified and being

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-4-

placed in a new "Predator Pod" with highly restrictive confinement and few privileges.

16.    As part of this effort, in or about July of 2015, SSU Officer Arrizon wrote a memorandum to "L Matos" and Lieutenant SSU Coordinator at Lewis Prison discussing details surrounding the activities of suspected predators and identifying non-predator inmates who cooperated in Officer Arrizon's investigation at Buckley Unit at Lewis Prison. Travis was among the inmates listed as cooperating with Arizon in her "predator" investigation at Buckley Unit. The information in Officer Arizon's memorandum inaccurately reported an interview that Officer Arizon conducted with Travis and falsely attributed various information as being provided by Travis, thus setting up Travis for retribution up to and including attacks and even death at the hands of other inmates associated with identified "predators."

17.    The process for designating "predators" requires actions at DOC's Central Office. In this instance, upon completion of the predator packets, an unknown Central Office employee mailed the predator packet – including Officer Arizon's memorandum and other documents identifying inmates who cooperated with the "predator" investigation – to one of the designated "predators."

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona  85012
602-277-0772

-5-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

18.    Upon hearing of this most unfortunate security breach, Travis immediately submitted his informal grievance (dated March 16, 2016) and asked for "do not house with" ("RNH") status as to the identified "predator" inmates and their close associates as best Travis could identify the associates.

19.    But the life-threatening saga was not over.    CO-3 Watts then distributed the "predator packet" to various inmates at Lewis --- including other identified "predators."  Specifically, CO-3 Watts gave all of the documents to three inmates in Rast who had been designated as "predators" and from there the paperwork "was distributed all over Rast, Rast Max, & Buckley to all of the inmates that this paperwork talked about."    In fact, the inmate used the library at Rast to make copies for distribution across the three units.

20.    Travis almost immediately fell victim to several "minor assaults" with no serious injuries.  And, upon further investigation, it was learned that CO-3 Watts additionally communicated to various inmates the information allegedly provided by Travis, and even embellished what Travis supposedly reported to ADOC, thus further endangering Travis's life and setting up Travis for certain attack if not death by other inmate working with the identified "predators."

21.    On April 10, 2016, Travis wrote a lengthy informal in which he described for DOC what had happened and explained that he feared serious injury

-6-

and asked for a safe housing assignment. He received no response. Travis followed up with another Inmate Grievance Appeal dated May 24, 2016, to which he also received no response.

22. On May 14, 2016, Travis sent another Inmate Grievance begging for protection and help and relating the stress and fear in which he was living.

23. Instead of providing any protection --- or even any responses --- in July of 2016, Travis was sent to Rast Max, a highly restrictive unit at Lewis Prison, which was retaliatory, unjustified, and improper given Travis's classification and disciplinary record.

24. Pam Crosse, Travis's spouse, immediately began an all-out effort to secure protection and safe housing for Travis within Lewis Prison. From March of 2016 forward, Pam wrote and called various staff at Lewis Prison and Central Office trying to get help.

- On July 18, 2016, and July 29, 2016, Pam spoke with Jennifer at Rast Max and explained that Officer Arrizon's memorandum had been leaked, Travis was in danger, and had been wrongly sent to Rast Max. Pam asked for communication with Rast Deputy Warden Moody, but received no follow-up communication.

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-7-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

• On July 29, 2916, Pam followed up with phone calls to Jennifer as well as to CO-3 Hudson and the assigned CO-4 about the leaked information and the danger that Travis faced, with no response from anyone.

• On August 3, 2016, Pam called Lewis Prison's Warden Mooney's office, spoke to Doreen about the leaked information and the danger that Travis faced, with no response from anyone.

25. On July 30, 2016, Travis was transferred to Barchy Unit – despite the fact that inmates on his DNH list were there. Within 20 minutes of arriving on the yard, Travis was brutally assaulted by a gang of inmates, and had to be hospitalized for his injuries.

26. Pam continued to call until she finally received a phone call on August 9, 2016 from Rast Deputy Warden Mooney. DW Mooney reported that Travis's "DNH" List was being honored and that Deputy Warden Mooney would try to get an override so that Travis could be housed at Bachman.

27. Pam continued to call multiple times into September to try to rectify restrictions on Travis's phone calls and visits, despite the fact that Travis was a victim, not a perpetrator of any violence.

-8-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

28.   Unfortunately, the retaliation continued into 2018.   Indeed, on February 2, 2018, Travis was placed in a holding cell with Shawn Geslan, the inmate who stabbed Travis in the incident in July of 2016.   Fortunately, nothing happened.

29.   On November 10, 2016, Director Ryan reviewed Travis's grievance appeal and informed him that the "investigation into what happened to him had been completed, that allegations of staff misconduct are taken very seriously, but that investigations are confidential and that inmates are not informed of the results.

30.   As of 2016, clearly established federal law required state prison officials to take reasonable measures to protect inmates form violence at the hands of other inmates.

31.   Inmate on inmate violence is a systemic, common occurrence within ADC, particularly if one inmate is suspected of being a "snitch" to ADC staff or cooperating with ADC staff about illegal activities of other dangerous inmates.

## COUNT I

### FAILURE TO PROTECT: EIGHTH AMENDMENT VIOLATION
**(Defendant Ryan)**

32.   Travis incorporates the allegations of each of the preceding paragraphs as if set forth verbatim here.

33.     As the Director of ADC, Defendant Ryan knew the risk of inmate-on-inmate violence resulting from leaked information that identified an inmate as a "snitch."

34. Director Ryan had the legal duty under the Eighth Amendment to have in place policies, procedures, methods, and means appropriate to …

(i) assure secure processing and distribution of "predator packets" by central office staff and distribution of those packets within ADC so as to keep the contents confidential from inmates, and

(ii) provide immediate attention and protection to an inmate who is the subject of highly sensitive, confidential information that has been "leaked" to inmates who are the subject of a predator investigation and which identifies inmates who have in some way cooperated with ADC in a predator investigation.

35.     Defendant Ryan's failures to have in place such policies, procedures, methods, and means was the proximate cause and the moving force that (i) caused one of the Doe defendants, a central Office Employee, to mail a predator packet – and all of the supporting documentation – to the "predator" himself, thus exposing inmates to certain danger;  and (ii) permitted officials at Lewis Prison to ignore Travis's repeated requests for help and protection despite his specific warnings that

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

1    he was a target because of the leaked paperwork and even identifying the facts and

2    circumstances that led to the leak.

3

4    36.    Defendant Ryan knew or had reason to believe that failure to have in

5
     place such policies, procedures, methods, and means created an unreasonable risk
6
7    of serious bodily harm to Travis and the high probability that substantial harm

8    would result amounts to deliberate indifference under federal law, specifically 42

9    U.S.C. § 1983.
10

11                                    **COUNT II**
12
           **FAILURE TO PROTECT: EIGHTH AMENDMENT VIOLATION**
13
14                                **(Defendant Watts)**

15    37.    Travis incorporates the allegations of each of the preceding
16
     paragraphs as if set forth verbatim here.
17

18    38.    As a Correctional Officer 3, Defendant Watts well knew the risk of
19
20    inmate-on-inmate violence, specifically violence resulting from leaked information

21    that identified an inmate as a "snitch." Further Defendant Watts knew that he was

22    precluded from even having access to "predator reports" as that material is
23
24    restricted to access by Correctional Officers 4 and above.

25
26    39.    Defendant Watts had the legal duty under the Eighth Amendment to

27    maintain strict confidentiality of highly sensitive materials which, if released to

-11-

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

1    inmates --- especially one inmate targeted as "predators" --- would create an

2    unreasonable risk of serious bodily harm and the high probability that substantial

3    harm would result.   Defendant Watts' failure to honor this duty amounts to

4

5    deliberate indifference under federal law, specifically 42 U.S.C. § 1983

6

7        40.    Defendant Ryan's failure to keep the "predator packet" materials

8    confidential and his distribution of them to a target "predator" was the proximate

9    cause and the moving force that caused Travis's brutal assault and injury by

10

11   inmates affiliated with the target "predator."

12

13                    **III.    TRAVIS'S DAMAGES**

14

15       41.    Travis incorporates the allegations of each of the preceding

16   paragraphs as if set forth verbatim here.

17

18       42.    As the direct and proximate result of the Defendants' wrongful

19   conduct, Travis was brutally assaulted several times, each time suffering physical

20   pain and injury and emotional distress.

21

22                    **PRAYER FOR RELIEF**

23

24       WHEREFORE, Plaintiff Travis Crosse asks for judgment against the

25   Defendants as follows:

26

27

-12-

a) General damages as provided by applicable law in an amount to be proven at trial.

b) Punitive damages as provided by applicable law.

c) Attorney fees and costs as provided by 42 U.S.C. § 1983.

d) Such other relief as may be justified and reasonable under the facts and circumstances of this case.

DATED this 10th day of November,2018.

**THE GIESZL FIRM**

_____
Holly R. Gieszl
Attorney for Plaintiff

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE GIESZL FIRM
3200 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
602-277-0772

**In the Superior Court of the State of Arizona**
**in and for the County of** MARICOPA

Case Num     **CV2018-013890**

rpreter Needed?  ☐ Yes ☒ No

what language:

**CHRIS DEROSE, CLERK**
**RECEIVED CCC #3**
**NIGHT DEPOSITORY**

**18 NOV 10  PM 8: 55**

**CIVIL CC**     ~~LLUS ONLY~~

(Please Type or Print)

**FILED**
**BY A. MCLOONE, DEP**

Plaintiff's Attorney  Holly R. Gieszl

Attorney Bar Number  013845

| Plaintiff's Name(s): (List all) | Plaintiff's Address: | Phone #: | Email Address: |
|---|---|---|---|
| Edgar Travis Cross% | Holly Gieszl, Esq. | 602-277-0772 | holly@gieszlfirm.com |
| | 3200 N. Central Ave. Suite 1500 | | |
| | Phoenix, AZ 85012 | | |

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
Sate of Arizona; Charles Ryan; Correctional Officer Watts; Jane Doe 1-5; John Doe 1-5.

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an **"X"** next to the **one** case category that most accurately describes your primary case.)

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

### 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
　　☐ 136 Six to Nineteen Structures
　　☐ 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
　　(A.R.S. §23-212)

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
   (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

☐ Administrative Review
   (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
   (All other tax matters must be filed in the AZ Tax
   Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
   (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☒ 163 Other Federal Constitution Claim, 42 U.S.C. 1983
                    (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case
would belong under Rule 26.2.)

☐ Amount Pleaded $ _____    ☐ Tier 1    ☐ Tier 2    ☐ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order      ☐ Provisional Remedy      ☐ OSC      ☐ Election Challenge
☐ Employer Sanction               ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the
   commercial Court. More information on the commercial Court, including the most recent forms, are available on the
   Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

None
_____

**Additional Defendant(s):**

None
_____

CHRIS DEROSE, CLERK
RECEIVED CCC #3
NIGHT DEPOSITORY

18 NOV 10  PM 8: 55

FILED
BY A. MCLOONE, DEP

1  **THE GIESZL FIRM**
2  3200 North Central Avenue, Suite 1500
   Phoenix, Arizona 85012
3  Tel 602-277-0772
   Fax 480-287-9589

4  Holly R. Gieszl, SBN 013845
   holly@gieszlfirm.com
5  Attorney for Plaintiff

6

7  ### THE SUPERIOR COURT OF ARIZONA
   ### IN AND FOR THE COUNTY OF MARICOPA
8

9                                                    Case Number: CV 2018-013890

   Edgar Travis Cross,
10
11              Plaintiff,                           **CERTIFICATE OF**
                                                     **ARBITRATION**
12         vs.

13 The State of Arizona; Correctional
14 Officer Watts; Charles Ryan; Jane Doe
   1-5, John Does 1-5,
15
16              Defendants.
17

18         Pursuant to Rule 72(e) of the *Arizona Rules of Civil Procedure* and Rule
19
20 3.10 of the *Local Rules of Practice for the Superior Court of Maricopa County.*

21 Plaintiff's counsel's represents that this matter is not subject to compulsory arbitration.
22

23         DATED this 10th day of November, 2018.
24
                                          **THE GIESZL FIRM**
25

26                                        Holly R. Gieszl
27                                        Attorney for Plaintiff

-1-


Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
01/16/2019
by Superior Court Admin
on behalf of Clerk of the
Superior Court

Ct. Admin
Deputy

01/12/2019

COURT ADMINISTRATION

**Case Number:** CV2018-013890

**Edgar Travis Cross**

**V.**

**State Of Arizona, The**

---

The Judge assigned to this action is the Honorable Sherry K. Stephens

## NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 11/10/2018 is subject to dismissal pursuant to
Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 02/08/2019.
If the time for completing service has not been extended by the court and no defendants have been
served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo
Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-013890

| Party Name | Attorney Name | |
| --- | --- | --- |
| Edgar Travis Cross | Holly R Gieszl | Bar ID: 013845 |

Clerk of the Superior Court
*** Electronically Filed ***
K. Vega, Deputy
1/29/2019 4:01:00 PM
Filing ID 10107926

THE GIESZL FIRM
3200 N. Central Ave.   Suite 1500
Phoenix, AZ 85012
Tel 602.277.0772
Fax 480.287.9589
Attorney for Plaintiff

Holly R. Gieszl, SBN 013845
holly@gieszlfirm.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Edgar Travis Cross,<br><br>        Plaintiff,<br><br>        vs.<br><br>The State of Arizona, et al.,<br><br>        Defendant | Case Number: CV2018-013890<br><br>**MOTION TO EXTEND TME TO SERVE COMPLAINT**<br><br>(Assigned to the Honorable Sherry K. Stephens)<br><br>**Expedited Consideration Requested** |

PLAINTIFF, by and through undersigned counsel, and as provided in Ariz. R. Civ. P.  4(i) and 6(b)(A) of the Arizona Rules requests that this court to extend time in which Plaintiff will file and serve a First Amended Complaint (FAC) in this matter.  Rule 6(b)(A) provides that service be accomplish within 90 days of filing the Complaint.   Aris. R. Civ. P. 6(b)(A).  In this case, that day would be February 4, 2019.   No party has been served with Plaintiff's Complaint due to ongoing investigation to identify all of the parties and potential causes of action.

Plaintiff requests an additional 45 days from the date of this Motion to file the FAC and obtain waivers of service from each defendant as provided under Ariz. Civ. P.  4.2(d).

1

When an act such as service of process "must be done within a specified time period", Rule 6(b)(A) provides that upon motion and "good cause" before the time period has expired, a court may extend the time for the act to be done.  The good cause that supports the requested additional time is that factual information recently became which supports the filing of a FAC.  Upon filing the FAC, counsel will immediately will seek waivers of service from all Defendants.  Accordingly, 45 days will permit Plaintiff to amend his Complaint and, then, obtain the waivers of service, all as provided in Ariz. R. Civ. P. 4.2(d).

For the Court's convenience, a proposed form of order is submitted with this motion.

Respectfully submitted on 29 January 2019.

**THE GIESZL FIRM**

/s/ Holly R. Gieszl
Holly R. Gieszl (013845)
3200 N. Central Ave. Suite 1500
Phoenix, AZ 85012
Attorney for Defendant

Copy of the foregoing e-filed via
AZTURBOCOURT on January 29, 2019, to:

Clerk of the Court
Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona 85003

Copy of the foregoing mailed on January 29, 2019, to:

The Honorable Sherry K. Stephens
Maricopa County Superior Court
201 West Jefferson Street
Phoenix, Arizona 85003

By: /s/Holly R. Gieszl

Clerk of the Superior Court
*** Electronically Filed ***
02/04/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-013890                                                01/30/2019


                                                CLERK OF THE COURT
HON. SHERRY K. STEPHENS                              T. DeRaddo
                                                      Deputy


EDGAR TRAVIS CROSS                        HOLLY R GIESZL

v.

STATE OF ARIZONA, THE, et al.            STATE OF ARIZONA, THE
                                         NO ADDRESS ON RECORD


                                         CHARLES RYAN
                                         NO ADDRESS ON RECORD
                                         JUDGE STEPHENS


                        MINUTE ENTRY


        The court has received and considered Plaintiff's Motion to Extend Time to Serve
Complaint, filed on January 29, 2019.

        Good cause appearing,

        IT IS ORDERED granting Plaintiff's Motion and extending the time to effectuate service
through March 25, 2019 all in accordance with the formal written Order signed by the Court and
filed (entered) by the Clerk on January 30, 2019.

CLERK OF THE SUPERIOR COURT
FILED

*1-30-19   4:03p.m.*

T. DeRaddo, Deputy

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Edgar Travis Cross, | Case Number: CV20018-013890 |
| Plaintiff, | **ORDER** |
| vs. | |
| The State of Arizona, et al., | |
| Defendants. | |

Having received and reviewed Plaintiff's Motion to extend time to serve Plaintiff's Complaint, or obtain waiver of service form each defendant, and good cause shown,

**IT IS ORDERED** that Plaintiff shall have until March 25, 2019, to serve or obtain waivers of service from each Defendant.

Dated this 30th day of January, 2019.

Sherry K. Stephens
Judge of the Maricopa County Superior Court

1

Clerk of the Superior Court
*** Electronically Filed ***
M. De La Cruz, Deputy
3/25/2019 3:18:00 PM
Filing ID 10285561

**THE GIESZL FIRM**
3200 N. Central Ave.
Suite 1500
Phoenix, AZ 85012
Tel 602-277-0772   Fax 480-287-9589

Holly R. Gieszl, 013845
holly@gieszlfirm.com
Counsel For PLAINTIFF

### THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

|  |  |
|---|---|
| Edgar Travis Cross, a single man, | **CASE NO: CV-2018-013890** |
| Plaintiff, | |
| vs. | **PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)** |
| The State of Arizona; Charles Ryan; Wayne Mooney; Chris Moody; Correctional Officer Hudson; Correctional Officer Vasquez; Officer John Doe 1-10; Officer Jane Doe 1-10. | |
| Defendants. | |

By and through his counsel undersigned and for his claims as to the defendants, Plaintiff Edgar Travis Cross ("Travis") alleges and follows:

### I.       JURISDICTION AND VENUE.

1.       Travis brings this action for compensation for injuries that he suffered as the result of violations of the Eighth Amendment to the United States Constitution, and as provided by 42

COMPLAINT -                               1

U.S.C. §1983, the federal statute which provides for compensatory and punitive damages for violations of federal constitutional rights.

2.      This court has jurisdiction over Travis's state and federal claims pursuant to Article 6 Section 14 of the Arizona Constitution.

3.      Venue is proper in this Court pursuant to A.R.S. §12-401 as the parties are residents of Maricopa County, the State is a defendant is a defendant, and all of the events that gave rise to this action occurred in Maricopa County.

## II.      THE PARTIES

4.       Travis incorporates the allegations in each of the preceding paragraphs as if fully set forth again here.

5.      At all times relevant, Travis was an inmate in the custody of the Arizona Department of Corrections (ADC) and housed at Lewis Prison in Buckeye, Arizona.  Travis is the victim of traumatic brain injury ("TBI") with resulting memory loss and communication difficulties and is protected under the American's with Disabilities Act.

6.      Defendant the State of Arizona ("The State") is a public entity which maintain the Arizona Department of Corrections as provided under the Constitution of the State of Arizona and Title 31 of the Arizona Revised Statutes.

7.      Defendant Charles Ryan ("Director Ryan") is the Director of the Arizona Department of Corrections. As Director, Defendant Ryan is responsible for the "overall operations and policies of ADC" ( https://corrections.az.gov/directors-office).  Director Ryan is the final policymaker for the State as to correctional matters.

COMPLAINT -                                    2

8.     As the County's chief policy makers as to its correctional system, Defendant Ryan's wrongful actions constitute actions of the State and the State may be liable under both Arizona's tort law and Federal constitutional law for Defendant Ryan's culpable acts or failures to act.

9.     At all times relevant Correctional Cody Officer Cody Watts ("Officer Watts") was employed by the ADC and working and acting with course and scope of his employment and under color of law as a correctional officer.

10.    At all times relevant Correctional Officer Vasquez ("Officer Vasquez") was employed by the ADC and working and acting with the course and scope of his employment and under color of law as a correctional officer.

11.    At all times relevant Correctional Officer Hudson ("Officer Hudson") was employed by the ADC and working and acting with the course and scope of his employment and under color of law as a correctional officer.

12.    At all times relevant Christopher Moody was the Warden of Lewis Prison, employed by the ADC, and working and acting with the course and scope of his employment and under color of law as a correctional officer.

13.    At all times relevant Wayne Mooney was a Deputy Warden at Lewis Prison, employed by the ADC, and working and acting with the course and scope of his employment and under color of law as a correctional officer.

14.    Jane Doe 1-5 and John Doe 1-5 are individuals employed by DOC and working at the ADC central officer or at Lewis Prison and who either (i) participated in the distribution of highly confidential and sensitive information about "predator" inmates, or (ii) failed to mitigate distribution of that information within ADC and/or Lewis Prison. The true names and capacities

COMPLAINT -                              3

of all Jane Doe and John Doe are unknown at this time and could not be ascertained through public

available information prior to filing this action.

15.     Each defendant is sued in the defendant's individual and official capacities.

### III.     FACTUAL ALLEGATIONS

16.     One critically important aspect of protecting inmates from assault and injury by

other inmates is to safeguard highly confidential and sensitive information provided by inmates

who cooperate with prison staff regarding dangerous inmates and illegal activities within the prison

setting. It is imperative that information provided by cooperating inmates not be leaked to "leaked"

to the general inmate population.

17.     This case arises out of a series of incidents in which staff at Arizona Department of

Corrections --- Lewis Prison (Rast Unit and Barchy Unit) and ADC's Central Office --- in which

information provided by inmates to Lewis Prison's "SSU" was intentionally leaked to the inmate

population by employees working at Lewis Prison and, indeed, the Central Office of ADC.

18.     The information leaked involved activities about inmates allegedly engaged in

activities such as drug dealing, gambling, and shake-downs for money on various units at Lewis

Prison.  ADC sought to designate those inmates as "predators" for reclassification in a highly

restrictive "Predator Pod".

19.     As part of this effort, in or about July of 2015, SSU Officer Lisa Arrizon wrote a

memorandum to "L Matos" and the Lieutenant SSU Coordinator at Lewis Prison discussing details

surrounding the activities of suspected "predators" and identifying non-predator inmates who

cooperated in Officer Arrizon's investigation at Buckley Unit at Lewis Prison. Travis was among

the inmates listed as cooperating with Arrizon in her "predator" investigation at Buckley.

COMPLAINT -                                     4

Following his cooperation with Arrizon, and for his protection, Travis was transferred form Buckley Unit to Rast Unit.

20.    The process for designating "predators" requires actions on DOC's Central Office. In this instance, upon receipt and completion of the "predator packets", in March of 2016, an unknown Central Office employee, John Doe 1 or Jane Doe 1, knowingly and intentionally mailed the "predator packet" to an inmate at Lewis Prison.  The packet mailed to the inmate included Officer Arrizon's memorandum as well as names and pictures of the inmates who cooperated with Arrizon.

21.    But the problems did not end there.  Two Lewis Prison correctional officers, Rodriguez and Swaynee, also possessed all or parts of the "predator packet" and supposedly "lost" the packet, which then fell into the hands of other inmates.

22.     Upon learning of these unfortunate security breaches in March of 2016, Travis immediately asked for "do not house with" ("DNH") status as to the identified "predator" inmates and their close associates, as best Travis could identify the associates.

23.     Defendants Correctional Officers Watts, Hudson, and Vasquez were  aware of the "predator packet" that was mailed back from Central Office and of the paperwork lost by officers Rodriguez and Swaney, and did nothing to retrieve it or to mitigate the dangers that Travis faced as the result of the leaks.  Travis lived in fear of his life for months before being assaulted because of the leaked information.

24.    On April 10, 2016, Travis wrote a length informal in which he described for DOC what had happened and explained that he feared serious injury and asked for safe housing

COMPLAINT -                                    5

assignment. He received no response. Travis followed up with another Inmate Grievance Appeal dated May 24, 2016, to which he also received no response.

25.     On May 14, 2016, Travis sent another Inmate Grievance begging for protection and help and relating the stress and fear in which he was living.

26.     By mid-2016, Travis was eligible for transfer to a lower level yard, and soon learned that the transfer was going to be to Barchy, the very yard where several of the "predators" named in the predator packet along with other inmates listed on Travis's "do not house" list.

27.     Travis begged Defendants Hudson and Watts not to transfer him to Barchy.   His pleas were ignored. None of the staff listened to Travis and he was transferred to Barchy, where he immediately fell victim to a series of assaults, beginning with a stabbing by inmate Shawn Gelsan.  Geslan was never charged for this criminal act.   The same fate later befell another inmate, Philip Valdez, who cooperated with ADC staff and whose information also was released by ADC staff to inmates.  Valdez transferred to Barchy in December of 2018 and almost immediately was assaulted.  He nearly died and was so badly injured that he remains comatose.

28.     Before Travis's transfer, Pam Cross, Travis's spouse, immediately began an all-out effort to secure protection and safe housing for Travis within Lewis Prison. From March of 2016 forward, Pam wrote and called various staff at Lewis Prison and Central office trying to get help

- On July 18, 2016, and July 29, 2016, Pam spoke with Jennifer at Rast Max and explained that Officer Arrizon's memorandum had been leaked, Travis was in danger, and had been wrongly sent to Rast Max. Pam asked for communication with Rast Deputy Warden Moody, but received no follow-up communication.

- On July 29, 2016, Pam followed up with phone calls to Jennifer as well as CO-3 Hudson and the assigned CO-4 about the leaked information and the danger that Travis faced, with no response from anyone.

COMPLAINT -                                         6

- On August 3, 2016, Pam called Lewis Prison's Warden Moody's office, spoke to Doreen about the leaked information and the danger that Travis faced, with no response from anyone.

29.     Pam continued to call until she finally received a phone call on August 9, 2016 from Rast Deputy Warden Mooney.  DW Mooney acknowledged that he and Warden Moody were aware of the problems regarding dangers that Travis faced and the paperwork; DW Mooney reported that Travis's "DNH" List was being honored; DW Mooney reported that he would try to get an override so that Travis could be housed at Bachman.

30.     Instead, Travis was subjected to retaliation by ADC staff at Lewis, including being sent to Rast Max, a highly restrictive unit at Lewis Prison.  The transfer was unjustified and improper given Travis's classification and disciplinary record. Travis was a victim, not a perpetrator of any violence.

31.     Pam continued to call Wardens Moody and Mooney multiple times into September to try to rectify restrictions on Travis's restricted phone calls and visits.

32.     Unfortunately, the retaliation continued into 2018. Indeed, on February 2, 2018, Travis was placed in a holding cell with Shawn Geslan, the inmate who stabbed Travis in the incident in July of 2016. Fortunately, nothing happened.

33.     On November 10, 2016, Director Ryan reviewed Travis's grievance appeal and informed him that the "investigation into what happened to him had been completed, that allegations of staff misconduct are taken very seriously, but that investigations are confidential and that inmates are not informed of the results."

34.     As of 2016, clearly established federal law required state prison officials to take reasonable measures to protect inmates from violence at the hands of other inmates.

35.     Inmate-on-inmate violence is a systemic, common occurrence within ADC, particularly if one inmate is suspected of being a "snitch" to ADC staff or cooperating with ADC staff about illegal activities of other dangerous inmates.

**COUNT I**

**<u>FAILURE TO PROTECT: EIGHTH AMENDMENT VIOLATION</u>**
**(Defendant Ryan)**

36.     Travis incorporates the allegations of each of the preceding paragraphs as if set forth verbatim here.

37.     As the Director of ADC, Defendant Ryan knew the risk of inmate-on-inmate violence resulting from leaked information that identified an inmate as a "snitch."

38.     Director Ryan had the legal duty under the Eighth Amendment to have in place policies, procedures, methods, and means appropriate to…

(i) assure secure processing and distribution of "predator packets" by central office staff and distribution of those packets within ADC so as to keep the contents confidential from inmates, and

(ii) provide immediate attention and protection to an inmate who is the subject of highly sensitive, confidential information that has been "leaked" to inmates who are the subject of a predator investigation and which identifies inmates who have in some way cooperated with ADC in a predator investigation.

COMPLAINT -                                     8

39.     Defendant Ryan's failures to have in place such policies, procedures, methods, and means was the proximate cause and the moving force that (i) caused one of the Doe defendants, a Central Office employee, to mail a predator packet—and all of the supporting documentation—to a "predator" himself, thus exposing inmates to certain danger; and (ii) failed to have in place policies and procedures at Lewis to protect confidential information provided by an inmate cooperating with ADC staff; and (iii) permitted officials at Lewis Prison to ignore Travis's repeated requests for help and protection despite his specific warnings that he was a target because of the leaked paperwork. and Travis and Pam's even identifying the facts and circumstances that led to the leak.

40.     Defendant Ryan knew or had reason to believe that failure to have in place such policies, procedures, methods, and means created an unreasonable risk of serious bodily harm to Travis and the high probability that substantial harm would result amounts to deliberate indifference under federal law, specifically 42 U.S.C. § 1983.

41.     Defendant Ryan's failures as set forth in paragraphs  24-40 were the proximate cause and the moving force that caused Travis's brutal assault and injury by inmates affiliated with the target "predator."

## COUNT II

## FAILURE TO PROTECT: EIGHTH AMENDMENT VIOLATION

### (Defendants Hudson and Vasquez)

42.     Travis incorporates the allegations of each of the preceding paragraphs as if set forth verbatim here.

COMPLAINT -                                    9

43.     Defendants Hudson and Vasquez each well knew the risk of inmate-on-inmate violence, specifically violence resulting from leaked information that identified an inmate as a "snitch."

44.     Defendants Hudson and Vasquez had the legal duty under the Eighth Amendment to maintain strict confidentiality of highly sensitive materials which, if released to inmates—especially one inmate targeted as "predators"—would create an unreasonable risk of serious bodily harm and the high probability that substantial harm would result. Defendants' failure to honor their duties amounts to deliberate indifference under federal law, specifically 42 U.S.C. § 1983, and was the proximate cause and moving force that caused Travis's assault.

## COUNT III

## FAILURE TO PROTECT: EIGHTH AMENDMENT VIOLATION

### (Defendants Moody and Mooney)

45.     Travis incorporates the allegations of each of the preceding paragraphs as if set forth verbatim here.

46.     Defendants Moody and Mooney each well knew the risk of inmate-on-inmate violence, specifically violence resulting from leaked information that identified an inmate as a "snitch."

47.     Defendants Moody and Mooney had the legal duty as supervisors under the Eighth Amendment to maintain strict confidentiality of highly sensitive materials which, if released to inmates—especially one inmate targeted as "predators"—would create an unreasonable risk of serious bodily harm and the high probability that substantial harm would result.

COMPLAINT -                                          10

48.     Defendants Moody and Mooney had the legal duty as supervisors under the Eighth Amendment to maintain strict confidentiality of highly sensitive materials which, if released to inmates—especially one inmate targeted as "predators"—would create an unreasonable risk of serious bodily harm and the high probability that substantial harm would result.

49.  Defendant Moody and Defendant Mooney each knew of the grave and unreasonable risk of harm and the high probability that substantial harm would befall Travis if he was not protected from being housed with inmates who were aware of the "predator packet" and that Travis had cooperated with ADC staff.

50.     Defendants Moody and Mooney each failed to fulfill their duties as supervisors at Lewis Prison and these failures amounts to deliberate indifference under federal law, specifically 42 U.S.C. § 1983, and was the proximate cause and moving force that caused Travis's assault.

## IV.   **TRAVIS'S DAMAGES**

As the direct and proximate result of the Defendants' wrongful conduct, Travis needlessly suffered physician and mental abuse and injury as the result of sexual exploitation and intimidation.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff Edgar Travis Cross asks for judgment against the Defendants as follows:

a)      General damages as provided by applicable law in an amount to be proven at trial.

COMPLAINT -                                   11

b)      Punitive damages as provided under Arizona law and 42 U.S.C. § 1983 against

the individual named defendants in their individual capacity in an amount to be

proved at trial.

c)      Attorney fees and costs as provided under 42 U.S.C. § 1983 *et seq*.

d)      The costs of this litigation.

e)      Such other and further relief as may seem just and reasonable under the facts and

circumstances of this case.

 Dated this 25h day of MARCH 2019.

/s/Holly R. Gieszl

_____

Holly R. Gieszl
THE GIESZL FIRM
3200 N. Central Ave.   Suite 1500
Phoenix, AZ 85012
Attorney for Plaintiff

COMPLAINT -                              12

Clerk of the Superior Court
*** Electronically Filed ***
T. Hays, Deputy
3/25/2019 5:44:00 PM
Filing ID 10286569

THE GIESZL FIRM
3200 N. Central Ave.   Suite 1500
Phoenix, AZ 85012
Tel 602.277.0772
Fax 480.287.9589
Attorney for Plaintiff

Holly R. Gieszl, SBN 013845
holly@gieszlfirm.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Edgar Travis Cross, | Case Number: CV2018-013890 |
| Plaintiff, | **MOTION TO BRIEFLY EXTEND TME TO SERVE COMPLAINT** |
| vs. | (Assigned to the Honorable Sherry K. Stephens) |
| The State of Arizona, et al., | **Expedited Consideration Requested** |
| Defendants | |

PLAINTIFF, by and through undersigned counsel, and as provided in Ariz. R. Civ. P.  4(i) and 6(b)(A) of the Arizona Rules requests that this court extend time in which Plaintiff must serve his First Amended Complaint (FAC) until March 29, 2019.

When an act must be done within a specified time period, Arizona Rule of Civil Procedure 6(b)(A) provides that a court may extend the time for the act to be accomplished.  Similarly, Arizona Rule of Civil Procedure 4(i) provides that the time period for service of process may be extended for "good cause."

Plaintiff's First Amended Complaint was filed, and all documents are out for service to all defendants.  However, additional time is required to identify and locate several individual defendants

1

who currently reside outside of Phoenix and one defendant who currently is on extended leave from the Arizona Department of Corrections.

Importantly, when possible, employees of the Department of Corrections are served through their work site at the Department of Corrections in order to avoid publishing the employees' home addresses on the affidavit of service.   Determining the full name and identity of individual employees of the Department of Corrections can be difficult because employees rarely put their first names on prison documents.  Determining the actual officer involved is particularly difficult when the employee's last name is common, as is the case with Officer Velasquez.

For these reasons, undersigned respectfully requests that brief extension until Friday, March 29, 2019, to complete service on all defendants.

For the Court's convenience, a proposed form of order is submitted with this motion.

Respectfully Submitted on the March 25, 2019.

**THE GIESZL FIRM**

/s/ Holly R. Gieszl
Holly R. Gieszl (013845)
THE GIESZL FIRM
Attorney for Plaintiff

Clerk of the Superior Court
*** Electronically Filed ***
03/28/2019 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2018-013890                                    03/27/2019


                                         CLERK OF THE COURT
HON. SHERRY K. STEPHENS                        T. DeRaddo
                                                Deputy


EDGAR TRAVIS CROSS                       HOLLY R GIESZL

v.

STATE OF ARIZONA, THE, et al.            STATE OF ARIZONA, THE
                                         NO ADDRESS ON RECORD



                                         JUDGE STEPHENS



                         MINUTE ENTRY


        The Court has received and considered Plaintiff's Motion to Briefly Extend Time to
Serve Complaint, filed on March 25, 2019.

        Good cause appearing,

        IT IS ORDERED granting Plaintiff's Motion and extending the time to serve Defendants
to March 29, 2019.

Person Filing: Edgar Cross    %Holly R. Gieszl

Address (If not protected): 3200 N Central Ave Ste 1500

City, State, Zip Code: Phoenix, Az 85012

Telephone: (602)277-0772

Email Address: holly@gieszlfirm.com

ATLAS Number:

Lawyer's Bar Number: 013845

CLERK OF THE SUPERIOR COURT
FILED
MAR 2 8 2019    4:00pm
G. Arieste, Deputy

ORIGINAL

Representing ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Edgar Cross

Name of Petitioner / Party A

And

Charles Ryan

Name of Respondent / Party B

Case No.: CV2018-013890

## SUMMONS

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

## FROM THE STATE OF ARIZONA TO: Charles Ryan

Name of Opposing Party

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2. **If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response"*, or show up in court. To file your *"Answer"* or *"Response"* take, or send, it to the:**

   - **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   - **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

   **After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.**

Case No. _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

    - 601 West Jackson, Phoenix, Arizona 85003
    - 18380 North 40th Street, Phoenix, Arizona 85032
    - 222 East Javelina Avenue, Mesa, Arizona 85210
    - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

SIGNED AND SEALED this date_____

CLERK OF SUPERIOR COURT

By_____
Deputy Clerk of Superior Court

A. McLoone
Deputy Clerk

© Superior Court of Arizona in Maricopa County        Page 2 of 2        DR11f – 010119
ALL RIGHTS RESERVED

Person Filing: Edgar Cross      %Holly Gieszl
Address (if not protected): 3200 N Central Ave Ste 1500
City, State, Zip Code: Phoenix, Az 85012
Telephone: (602)277-0772
Email Address: holly@gieszlfirm.com
ATLAS Number: _____
Lawyer's Bar Number: 13845

CLERK OF THE SUPERIOR COURT
FILED
MAR 20 2018
C. Arleste, Deputy

Representing ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Edgar Cross

Name of Petitioner / Party A

**Case No.:** CV2018-013890

And

**SUMMONS**

State of Arizona

If you need help from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

Name of Respondent / Party B

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** State of Arizona

Name of Opposing Party

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2. **If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response", or show up in court.* To file your *"Answer"* or *"Response"* take, or send, it to the:**

   • **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***
   • **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***
   • **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***
   • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

   **After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.**

Case No. **CV2018-013890**

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

SIGNED AND SEALED this date_____ JEFF FINE, CLERK

CLERK OF SUPERIOR COURT

By_____

Deputy Clerk of Superior Court

A. McLoone
Deputy Clerk

**Integrity Attorney Services**
P.O. Box 33123
**Phoenix, Arizona 85067-3123**

CLERK OF THE SUPERIOR COURT
FILED
MAR 2 8 2019   3:59 pm
O. Antosto, Deputy

| IAS#: | 76274-ds |
|---|---|
| Atty#:  Cross/State of AZ | |

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
        Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
        Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

JOSEPH BEACOM, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/25/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CHARLES RYAN, at 1601 W. Jefferson St., Phoenix, Arizona, on 3/26/2019 at 1:57 PM, by leaving one set of the above listed documents with Kelly Dudley, Attorney General Liaison, who stated he is authorized to accept.

Joseph Beacom, MC-0344

SUBSCRIBED AND SWORN to me this 26th day of March, 2019.

Notary Public:
                Gail R Dammann
My Commission Expires:  August 24, 2022

| $16.00 | Service(s) |
|---|---|
| $17.50 | Mileage  (min)JB |
| $1.00 | Copies (4) |
| $9.00 | Preparation of Affidavit/Notary |
| $ 43.50 | Total |

GAIL R DAMMANN
NOTARY PUBLIC  ARIZONA
MARICOPA COUNTY
COMMISSION # 549353
MY COMMISSION EXPIRES
AUGUST 24 2022

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 76273-ds |
| Atty#:  Cross/State of AZ | |

CLERK OF THE SUPERIOR COURT
FILED

MAR 28 2019   u: 0ɤM

G. Arieste, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
    Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

JOSEPH BEACOM, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/25/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon STATE OF ARIZONA, BY SERVING THE STATE ATTORNEY GENERAL, at 2005 N. Central, Phoenix, Arizona 85004, on 3/26/2019 at 1:37 PM, by leaving one set of the above listed documents with Lisa Fischer, Receptionist, who stated she is authorized to accept.

Joseph Beacom, MC-0344

SUBSCRIBED AND SWORN to me this 26th day of March, 2019.

Notary Public: _____
    Gail R Dammann
My Commission Expires:  August 24, 2022

| $16.00 | Service(s) |
| $17.50 | Mileage  (min)JB |
| $1.00 | Copies (4) |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 43.50** | **Total** |

GAIL R DAMMANN
NJ ICAP/IACUC  ARIZONA
MARICOPA COUNTY
COMMISSION 549353
MY COMMISSION EXPIRES
AUGUST 24 2022

Person Filing: Edgar Cross   %Holly R. Gieszl
Address (If not protected): 3200 N Central Ave Ste 1500
City, State, Zip Code: Phoenix, Az 85012
Telephone: (602)277-0772
Email Address: holly@gieszlfirm.com
ATLAS Number:
Lawyer's Bar Number: 013845

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP
2019 APR -1 PM 3: 25

Representing ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
## IN MARICOPA COUNTY

ORIGINAL

Edgar Cross

Name of Petitioner / Party A

Case No.: CV2018-013890

## SUMMONS

And

Christopher Moody

Name of Respondent / Party B

If you want legal advice from a lawyer
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

> **WARNING: This is an official document from the court that affects your rights. Read this carefully.**
> **If you do not understand it, contact a lawyer for help.**

## FROM THE STATE OF ARIZONA TO: Christopher Moody

Name of Opposing Party

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2. **If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response"*, or show up in court. To file your *"Answer"* or *"Response"* take, or send, it to the:**

   - **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***
   - **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

   **After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.**

Case No. _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona 85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

SIGNED AND SEALED this date_____

CLERK OF SUPERIOR COURT

By_____

Deputy Clerk of Superior Court

A. McLoone
Deputy Clerk

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 76317-ds |
|---|---|
| Atty#:  Cross/State of AZ | |

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP
2019 APR -1  PM 3: 24

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
      Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
      Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

RYAN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/27/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon STATE OF ARIZONA, BY SERVING THE STATE ATTORNEY GENERAL, at 2005 N. Central, Phoenix, Arizona 85004, on 3/28/2019 at 9:50 AM, by leaving one set of the above listed documents with Lisa Fischer, Receptionist, who stated she is authorized to accept.

Ryan Sotelo, MC-8550

SUBSCRIBED AND SWORN to me this 28th day of March, 2019.

Notary Public:

Gail R Dammann

My Commission Expires:  August 24, 2022

| $16.00 | Service(s) |
|---|---|
| $17.50 | Mileage  (min)RS |
| $9.00 | Preparation of Affidavit/Notary |
| $ 42.50 | Total |

GAIL R DAMMANN
NOTARY PUBLIC  ARIZONA
MARICOPA COUNTY
COMMISSION # 549353
MY COMMISSION EXPIRES
AUGUST 24  2022

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -1  PM 3: 24

**Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 76318-ds |
|---|---|
| Atty#:  Cross/State of AZ | |

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
      Plaintiff(s),

Case No. CV2018-013890

vs.

STATE OF ARIZONA, et al.,
      Defendant(s).

AFFIDAVIT OF
SERVICE OF PROCESS

RYAN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/27/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CHARLES RYAN, at 1601 W. Jefferson St., Phoenix, Arizona, on 3/28/2019 at 10:33 AM, by leaving one set of the above listed documents with Kelly Dudley, Attorney General Liaison, who stated he is authorized to accept.

Ryan Sotelo, MC-8550

SUBSCRIBED AND SWORN to me this 28th day of March, 2019.

Notary Public: _____
              Gail R Dammann
My Commission Expires:  August 24, 2022

| $16.00 | Service(s) |
|---|---|
| $17.50 | Mileage  (min)RS |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 42.50** | **Total** |

GAIL R DAMMANN
NOTARY PUBLIC  ARIZONA
MARICOPA COUNTY
COMMISSION # 549353
MY COMMISSION EXPIRES
AUGUST 24  2022

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 76275-ds |
|-------|----------|
| Atty#:  Cross/State of AZ | |

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP
2019 APR -1  PM 3: 25

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
    Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. CV2018-013890

**AFFIDAVIT OF
SERVICE OF PROCESS**

RYAN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED); CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/25/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CHRISTOPHER MOODY, personally, at 1601 W. Jefferson Street, Phoenix, Arizona, on 3/28/2019 at 10:38 AM.

Ryan Sotelo, MC-8550

SUBSCRIBED AND SWORN to me this 28th day of March, 2019.

Notary Public:

Gail R Dammann
My Commission Expires:  August 24, 2022

| $16.00 | Service(s) |
|--------|-----------|
| $17.50 | Mileage  (min)RS |
| $25.00 | Rush Service |
| $1.00 | Copies (4) |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 68.50** | **Total** |

GAIL R DAMMANN
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
COMMISSION # 549353
MY COMMISSION EXPIRES
AUGUST 24 2022

**Person Filing:** Edgar Cross   %Holly R. Gieszl
**Address (if not protected):** 3200 N Central Ave Ste 1500
**City, State, Zip Code:** Phoenix, Az 85012
**Telephone:** (602)277-0772
**Email Address:** holly@gieszlfirm.com
**ATLAS Number:**
**Lawyer's Bar Number:** 013845

Representing ☐ Self, without a Lawyer   or   ☒ Attorney for   ☒ Petitioner   OR   ☐ Respondent

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -2 PH 3: 30

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Edgar Cross

Name of Petitioner / Party A

And

Correctional Officer Hudson

Name of Respondent / Party B

**Case No.:** CU2018-013890

**SUMMONS**

Contact the Law .... d Circuit Service at
602-257-4434
or
www.m__.......w.org
Sponsored by the
Maricopa County Bar Association

| WARNING: This is an official document from the court that affects your rights.  Read this carefully. If you do not understand it, contact a lawyer for help. |
| --- |

**FROM THE STATE OF ARIZONA TO:** Correctional Officer Hudson

Name of Opposing Party

1.   **A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2.   **If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response"*, or show up in court.  To file your *"Answer"* or *"Response"* take, or send, it to the:**

   • **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***
   • **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***
   • **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***
   • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

   **After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.**

Case No. _____

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

   • 601 West Jackson, Phoenix, Arizona 85003
   • 18380 North 40th Street, Phoenix, Arizona 85032
   • 222 East Javelina Avenue, Mesa, Arizona 85210
   • 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7. Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

JEFF FINE, CLERK

SIGNED AND SEALED this date_____

CLERK OF SUPERIOR COURT

By_____

Deputy Clerk of Superior Court

A. McLoone
Deputy Clerk

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -2 PM 3: 30

ORIGINAL

**Person Filing:** Edgar Cross %Holly R. Gieszl
**Address (if not protected):** 3200 N Central Ave Ste 1500
**City, State, Zip Code:** Phoenix, Az 85012
**Telephone:** (602)277-0772
**Email Address:** holly@gieszlfirm.com
**ATLAS Number:**
**Lawyer's Bar Number:** 013845

Representing ☐ Self, without a Lawyer or ☒ Attorney for ☒ Petitioner OR ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Edgar Cross

Name of Petitioner / Party A

**Case No.:** CV2018-013890

And

Cody Watts

Name of Respondent / Party B

## SUMMONS

If you would like legal advice from a lawyer,
Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** Cody Watts

Name of Opposing Party

1. **A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this "Summons."**

2. **If you do not want a judgment or order entered against you without your input, you must file a written "Answer" or a "Response" with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an "Answer" or "Response", or show up in court. To file your "Answer" or "Response" take, or send, it to the:**

   - **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   - **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

   **After filing, mail a copy of your "Response" or "Answer" to the other party at their current address.**

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

DR11f – 010119

Case No. _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response" or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. If you were served by "Acceptance of Service" outside the State of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

   - 601 West Jackson, Phoenix, Arizona 85003
   - 18380 North 40th Street, Phoenix, Arizona 85032
   - 222 East Javelina Avenue, Mesa, Arizona  85210
   - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (legal custody) and parenting time issues regarding minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

SIGNED AND SEALED this date_____   JEFF FINE, CLERK

CLERK OF SUPERIOR COURT

By_____

Deputy Clerk of Superior Court

A. McLoone
**Deputy Clerk**

© Superior Court of Arizona in Maricopa County   ·   Page 2 of 2   DR11f ~ 010119
ALL RIGHTS RESERVED

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 76341-ds |
|---|---|
| Atty#: Cross/State of AZ | |

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -2  PH 3: 30

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
    Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. CV2018-013890

**AFFIDAVIT OF
SERVICE OF PROCESS**

EFRAIN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED); CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/27/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CORRECTIONAL OFFICER HUDSON, personally, at 2105 N. Citrus Rd., Goodyear, Arizona 85395, on 3/29/2019 at 8:52 AM. Description: Male, African-American, 32 years old, 6'1", 210 lbs, black hair, brown eyes, name is Herbert Hudson.

Efrain Sotelo, MC-2045

SUBSCRIBED AND SWORN to me this 30th day of March, 2019.

Notary Public:

Jose Manuel Ramos

My Commission Expires: February 20, 2020

JOSE MANUEL RAMOS
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
February 20, 2020

| $16.00 | Service(s) |
|---|---|
| $60.00 | Mileage (24)ES |
| $25.00 | Rush Service |
| $30.00 | Wait Time (30Mn) |
| $9.00 | Preparation of Affidavit/Notary |
| **$ 140.00** | **Total** |

**Integrity Attorney Services**
P.O. Box 33123
Phoenix, Arizona 85067-3123

| IAS#: | 76277-ds |
|---|---|
| Atty#: Cross/State of AZ | |

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -2 PM 3: 30

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
　　　　Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
　　　　Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

EFRAIN SOTELO, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Maricopa County, Arizona. I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED);
CERTIFICATE OF COMPULSORY ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/25/2019, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Maricopa County, Arizona.

Upon CODY WATTS, personally, at 24601 North 29th Ave, Phoenix, Arizona, on 3/29/2019 at 10:35 AM.
Description:  Male, Caucasian, 5'9", 200 lbs, brown hair.

Efrain Sotelo, MC-2045

SUBSCRIBED AND SWORN to me this 30th day of March, 2019.

Notary Public: _____
　　　　　　　　　　Jose Manuel Ramos
My Commission Expires: February 20, 2020

JOSE MANUEL RAMOS
NOTARY PUBLIC, ARIZONA
MARICOPA COUNTY
My Commission Expires
February 20, 2020

| $16.00 | Service(s) |
|---|---|
| $62.50 | Mileage  (25)ES |
| $9.00 | Preparation of Affidavit/Notary |
| $ 87.50 | Total |

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -4  PM 3: 24

For Clerk's Use Only

Person Filing: Edgar Cross   %Holly R. Gieszl
Address (if not protected): 3200 N Central Ave Ste 1500
City, State, Zip Code: Phoenix, Az 85012
Telephone: (602)277-0772
Email Address: holly@gieszlfirm.com
ATLAS Number:
Lawyer's Bar Number: 013845

Representing  ☐ Self, without a Lawyer  or  ☒ Attorney for  ☒ Petitioner  OR  ☐ Respondent

ORIGINAL

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

Edgar Cross

Name of Petitioner / Party A

Case No.: CV2018·013890

And

Wayne Mooney

Name of Respondent / Party B

**SUMMONS** If you would like legal advice from a lawyer, Contact the Lawyer Referral Service at
602-257-4434
or
www.maricopalawyers.org
Sponsored by the
Maricopa County Bar Association

| WARNING: This is an official document from the court that affects your rights.  Read this carefully. |
|---|
| If you do not understand it, contact a lawyer for help. |

## FROM THE STATE OF ARIZONA TO: Wayne Mooney

Name of Opposing Party

1.  **A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you with this *"Summons."***

2.  **If you do not want a judgment or order entered against you without your input, you must file a written *"Answer"* or a *"Response"* with the court, and pay the filing fee. Also, the other party may be granted their request by the Court if you do not file an *"Answer"* or *"Response"*, or show up in court.  To file your *"Answer"* or *"Response"* take, or send, it to the:**

    - **Office of the Clerk of Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 *OR***
    - **Office of the Clerk of Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***
    - **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona 85210-6201 *OR***
    - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona 85374.**

    **After filing, mail a copy of your *"Response"* or *"Answer"* to the other party at their current address.**

Case No. _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server
    or the Sheriff within the State of Arizona, your *"Response"* or *"Answer"* must be filed within
    TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were
    served. If you were served by "Acceptance of Service" within the State of Arizona, your "Response"
    or "Answer" must be filed within TWENTY (20) CALENDAR DAYS from the date that the "Acceptance
    of Service was filed with the Clerk of Superior Court.  If this *"Summons"* and the other papers were
    served on you by a registered process server or the Sheriff outside the State of Arizona, your
    Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not
    counting the day you were served. If you were served by "Acceptance of Service" outside the State
    of Arizona, your "Response" or "Answer" must be filed within THIRTY (30) CALENDAR DAYS from
    the date that the "Acceptance of Service was filed with the Clerk of Superior Court.   Service by a
    registered process server or the Sheriff is complete when made. Service by Publication is complete
    thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at
    the top of the preceding page, or from the Clerk of Superior Court's Customer Service Center at:

    - 601 West Jackson, Phoenix, Arizona 85003
    - 18380 North 40th Street, Phoenix, Arizona 85032
    - 222 East Javelina Avenue, Mesa, Arizona  85210
    - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses
    may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual
    interest in  preserving the marriage or for Mediation to attempt to settle disputes concerning legal
    decision-making (legal custody) and parenting time issues regarding minor children.

6.  Requests for reasonable accommodation for persons with disabilities must be made to the division
    assigned to the case by the party needing accommodation or his/her counsel at least three (3)
    judicial days in advance of a scheduled proceeding.

7.  Requests for an interpreter for persons with limited English proficiency must be made to the division
    assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least
    ten (10) judicial days in advance of a scheduled court proceeding.

MAR 2 5 2019

JEFF FINE, CLERK

SIGNED AND SEALED this date _____

CLERK OF SUPERIOR COURT

By_____

Deputy Clerk of Superior Court

A. McLoone
Deputy Clerk

**Forwarded by: Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP

2019 APR -4  PM 3: 24

| IAS#: | 76316-grd |
|---|---|
| Atty#:  Cross/State of AZ | |

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
    Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
    Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

TADD MCCARLEY, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Navajo County, Arizona, and I am authorized to perform legal service anywhere within the boundaries of the State of Arizona.  I received the following documents in this action:

CERTIFICATE OF ARBITRATION; CIVIL COVERSHEET

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/27/2019 at 5:00 pm, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Apache County, Arizona.

Upon WAYNE MOONEY, personally at his place of employment, at 38322 US 180, St. Johns, Arizona 85936, on 3/28/2019 at 2:30 PM. Description: Male, Caucasian, 48 years old, 5'11", 200 lbs, black hair, green eyes. Subject stated that he is not in the military.

Tadd McCarley, Affiant
NV201600001

SUBSCRIBED AND SWORN to me this 3rd day of Apri l , 2019.

Notary Public: _____

        Gail R Dammann
My Commission Expires:  August 24, 2022

GAIL R DAMMANN
NOTARY PUBLIC ARIZONA
COUNTY
549353
MY COMMISSION EXPIRES
AUGUST 24 2022

CLERK OF THE
SUPERIOR COURT
FILED
A. RODRIGUEZ, DEP
2019 APR -4  PM 3: 24

**Forwarded by: Integrity Attorney Services**
**P.O. Box 33123**
**Phoenix, Arizona 85067-3123**

| IAS#: | 76276-grd |
| Atty#:  Cross/State of AZ | |

## IN THE SUPERIOR COURT OF THE STATE OF
## ARIZONA IN AND FOR THE COUNTY OF MARICOPA

EDGAR CROSS,
 Plaintiff(s),

vs.

STATE OF ARIZONA, et al.,
 Defendant(s).

Case No. CV2018-013890

AFFIDAVIT OF
SERVICE OF PROCESS

TADD MCCARLEY, being duly sworn, states: That I am qualified to serve process in this cause, having been so appointed by the court in Navajo County, Arizona, and I am authorized to perform legal service anywhere within the boundaries of the State of Arizona.  I received the following documents in this action:

SUMMONS; PLAINTIFF'S FIRST AMENDED COMPLAINT (JURY TRIAL DEMANDED)

From THE GIESZL FIRM, Holly R. Gieszl, Esq., SBN 013845 on 3/27/2019 at 11:22 am, and in each instance I, personally, served a copy of each document listed above on those named below at the time and place shown, that all services, except where noted, were made within Apache County, Arizona.

Upon WAYNE MOONEY, personally, at his place of employment, the Arizona Department of Corrections Apache Unit located at 38322 US 180, St. Johns, Arizona 85936, on 3/27/2019 at 3:27 PM MST. Description:  Male, Caucasian, 48 years old, 5'11", 200 lbs, black hair, green eyes.  Subject stated that he is not in the military.

Tadd McCarley, Affiant
NV201600001

SUBSCRIBED AND SWORN to me this 3RD day of APRIL , 2019.

Notary Public: _____

My Commission Expires: August 24, 2022

GAIL R. DAMMANN
NOTARY PUBLIC - ARIZONA
COUNTY
549353
MY COMMISSION EXPIRES
AUGUST 24 2022